**Andrew McGARRITY, Petitioner-Appellant,**

v.

**Lawrence E. WILSON, Warden California State Prison, San Quentin, California, and The People of the State of California, Respondents-Appellees.**

No. 20987.

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1966.

Andrew S. McGarrity, Tamal, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Jay S. Linderman, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLEY and BROWNING, ·Circuit Judges, and MATHES, District -Judge.

HAMLEY, Circuit Judge.

Andrew S. McGarrity, in California ·penal custody under a life sentence following his 1959 conviction of first degree murder, applied to the district court ·for a writ of habeas corpus and sought leave to proceed in that court in forma ·pauperis. The district court denied the motion to proceed in forma pauperis. McGarrity appeals.

The district court did not deny the motion for leave to proceed in forma pauperis because of a failure by McGarrity to meet the formal requirements of 28 U.S.C. § 1915 (1964). It did so because, in the court's view, the application for a writ of habeas corpus is frivolous. This is a proper ground for denial of such a motion. Blair v. People of State of California, 9 Cir., 340 F.2d 741, 742.

A number of exhibits were attached to the application, one being a copy of a previous application McGarrity had filed with the Supreme Court of California. One contention and supporting allegation set out in this exhibit, but not in the application proper, is to the effect that, at McGarrity's state trial, his landlady was permitted to testify against him while he was held elsewhere in a locked room.

The district court correctly determined that this contention should be considered notwithstanding the fact that it was not advanced in the application, but in an attached exhibit. See Egan v. Teets, 9 Cir., 251 F.2d 571, 575. Cf., Wright v. Dickson, 9 Cir., 336 F.2d 878, 881, n. 2.

The district court held, however, that this contention is "without substance." This was error. The Sixth Amendment right of an accused to confront the witnesses against him is a fundamental right and is made obligatory on the states by the Fourteenth Amendment. Pointer v. State of Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923. It follows that if McGarrity is able to prove that a witness was permitted to testify against him at his trial while he was held outside the courtroom, he is entitled to habeas corpus relief. The district court should have granted the motion to proceed in forma pauperis so that McGarrity would have an opportunity to prove this allegation.

The exhibit referred to above also contains at least one other contention with supporting allegations, apparently

overlooked by the district court, which may not be regarded as frivolous. This contention and these allegations are to the effect that, at a time when he was without counsel and was deeply depressed, McGarrity's will was overborne and he was "forced" to make incriminating statements against himself, and was "forced" to sign a written confession, which statements and confession were used against him at the trial.

■■ Incriminating statements or a confession extorted by mental coercion are as involuntary as if they were obtained by violence or threats of violence. Jackson v. Denno, 378 U.S. 368, 389–390, 84 S.Ct. 1774, 12 L.Ed.2d 908; Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126. If, at the remanded proceedings which must in any event be held, McGarrity is able to prove these allegations, he is entitled to habeas corpus relief.

In his application McGarrity also contends that reception of these incriminating statements and confession in evidence against him deprived him of his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to the assistance of counsel, made applicable to the states under the Fourteenth Amendment. In this connection he alleges that, at the time of such interrogation he was not advised of his right to remain silent or his right to counsel and was denied the assistance of counsel.

■ The alleged manner in which McGarrity's in-custody police interrogation was conducted, would have been constitutionally impermissible under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided in 1964, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided in 1966. However, McGarrity was convicted in 1959 and, as the district court correctly ruled, neither *Escobedo* nor *Miranda* are to be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

■ However, McGarrity alleges that the confession and incriminating statements were not voluntarily given, and the manner in which the in-custody police interrogation was conducted becomes material to that issue. Gladden v. Holland, 9 Cir., 366 F.2d 580, n. 6, decided August 29, 1966. As we there pointed out, the substantive test of the voluntariness of a confession takes account of a failure to advise an accused of his privilege against self-incrimination or to allow him access to outside assistance.

Reversed and remanded for further proceedings.