**Eddie W. PEMBROOK, Petitioner-Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Respondent-Appellee.**

**No. 21017.**

United States Court of Appeals
Ninth Circuit.

Dec. 7, 1966.

---

Eddie W. Pembrook, Tamal, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Robert R. Granucci, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, DUNIWAY and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

On March 2, 1966, Eddie W. Pembrook, in California penal custody following his 1960 conviction for manslaughter, applied to the district court for a writ of habeas corpus and sought leave to proceed in that court in forma pauperis. The district court denied the motion to proceed in forma pauperis and also denied a similar

petition for rehearing of that motion. Pembrook appeals.

■ The district court denied Pembrook's original motion for leave to proceed in forma pauperis on the ground that the only constitutional rights asserted by Pembrook were those having to do with police interrogation, as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided in 1964, and that those principles could not be applied retroactively.[1]

■ The Supreme Court has held that the constitutional rights articulated in *Escobedo* may not be applied retroactively by federal courts in testing the constitutional validity of state court convictions. See Johnson v. State of New Jersey, 384 U.S. 719, 732, 86 S.Ct. 1772; Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895. Therefore, if Pembrook sought habeas corpus relief solely on the basis of the constitutional rights announced in *Escobedo*, his application was frivolous on its face and the denials of his motions to proceed in forma pauperis were proper. See McGarrity v. Wilson, 9 Cir., 368 F.2d 677.[2]

In addition to *Escobedo*, however, Pembrook's application for a writ of habeas corpus also asserts several other grounds for relief, namely: (1) use of coercion in obtaining incriminating statements which were used against him;[3] (2) receiving the incriminating statements in evidence without determining their voluntariness; and (3) ineffective assistance of counsel.

If Pembrook was coerced into making incriminating statements which were later used against him, he is entitled to habeas corpus relief. See *McGarrity*, supra. Appellee contends, however, that Pembrook's factual allegations concerning coercion are "only conclusionary."

■ If we assume that Pembrook's allegations concerning coercion are conclusionary, and if we further assume that Pembrook has stated no other ground for relief, such a defect in his application still would not warrant denial of his motion to proceed in forma pauperis on the ground that his application is frivolous. Such an application is frivolous only if the applicant can make no rational argument on law or facts to support his claim for relief. Blair v. State of California, 9 Cir., 340 F.2d 741, 742. This cannot be said of an application containing conclusionary allegations relating to a ground which, if factually established, would entitle the applicant to relief, for the applicant may be able to amend his application to allege such facts.[4]

---

1. The precise holding of *Escobedo*, as quoted in Johnson v. State of New Jersey, 384 U.S. 719, 733–734, 86 S.Ct. 1772, 16 L.Ed.2d 908, is that statements elicited by the police during an in-custody interrogation may not be used against the accused at a criminal trial where:
   "'* * * the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *.'" (384 U.S. at 734, 86 S.Ct. at 1781)

2. While Pembrook alleged that he had been denied rights formulated in *Escobedo*, in his original motion he also alleged that he had been denied the more particularized rights in connection with police interrogation, as announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided in 1966. However, the non-retroactivity principle announced in *Johnson* and *Davis*, referred to above, applies with regard to *Miranda*, as well as *Escobedo*.

3. In Pembrook's second application to the district court for leave to file in forma pauperis, he specifically alleges that coercion was used to get him to make incriminating statements. The district court treated this second application as a motion for a rehearing, found there was "no merit to the allegations herein contained," and denied the motion without further comment.

4. The proper course in this circumstance would be to grant leave to proceed in forma pauperis, but dismiss the application with leave to amend, pointing out the deficiency which requires amendment. Title 28 U.S.C. § 2242 (1964), provides that an application for a writ of habeas corpus "* * * may be amended or supplemented as provided in the rules

However, Pembrook's allegations concerning coercion are not "conclusionary."[5] Pembrook alleged that he was arrested on July 22, 1960, at approximately 10:00 p. m., and was held incommunicado until July 25, 1960, during which time he was not allowed to call his family or friends. He further alleged that he was interrogated in secret, over a period of several hours, by a succession of police officials. First, Officer King interrogated him for about forty-five minutes. Then Inspectors Connolly and Bratton interrogated him for almost two hours. Then the district attorney, with a shorthand reporter present, questioned him for about two and a half hours.

All this interrogation, Pembrook alleged, came in rapid succession. Officer King and Inspector Connolly allegedly knew that, at the start of the second interrogation, Pembrook had been without sleep for over seventeen hours, after having worked all day on the day of his arrest. Before and during the interrogation, Pembrook alleged, he was completely exhausted, and the police officials were well aware that he did not know or understand what was going on around him because he was in a "semi-state of shock. * * *"

The allegations summarized above, together with the further allegations that Pembrook was denied the assistance of counsel at his interrogation and that he was not then advised of his right to such assistance, and his right to remain silent,[6] provide an ample factual basis for his claim that he was coerced into making incriminating statements.[7]

Since a claim for habeas corpus relief on the ground of coercion was adequately alleged, the district court should have granted Pembrook's motion to proceed in forma pauperis, accepted his application for filing, and called upon the appellee to make return thereto. In its return appellee will also have an opportunity to answer Pembrook's allegations concerning the failure of the state trial court to determine the voluntariness of the incriminating statements, and the inef-

of procedure applicable to civil actions." In Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392, the Supreme Court said that "(e)ven if it [the application for habeas corpus] is insufficient in substance it may be amended in the interest of justice." See, also, Pike v. Dickson, 9 Cir., 323 F.2d 856, 859.

5. Applications for habeas corpus, drawn by non-lawyers, ought not to be scrutinized with technical nicety. See Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015. As this court said in Pike v. Dickson, 9 Cir., 323 F.2d 856, at 857:

"In view of these circumstances [petitioner's seventh grade education] it is appropriate that the petition be read in the manner suggested by Chief Judge Sobeloff in United States v. Glass, 4 Cir., 317 F.2d 200, 202, as follows: 'Where the layman's papers clearly show what he is driving at, it is usually in the interest of justice and may in the long run save time to temper the reading of the papers with a measure of tolerance.' This court has applied the same rule of construction of a layman's pleadings in Thomas v. Teets, 9 Cir., 205 F.2d 236, 238.[1]

"[1]. 'Thomas' application being drawn by an inexperienced layman is to be construed to give its allegations effect,

though inartifically [sic] drawn. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761; Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356.'"

6. Since *Escobedo* and *Miranda* are not to be applied retroactively, these allegations concerning denial of legal assistance and failure to advise Pembrook of his right to counsel and right to remain silent do not provide an independent ground for habeas corpus relief. They are nevertheless to be considered in connection with a charge that incriminating statements, made during such interrogation, were given under coercion. See Gladden v. Holland, 9 Cir., 366 F.2d 580, note.

7. Pembrook also alleged that he was subjected to "psychological" coercion in connection with his giving of incriminating statements. This type of coercion allegedly resulted when his police interrogators, knowing that the victim was dead and suspecting that Pembrook was the murderer, led Pembrook to believe only that the victim had been taken to the hospital. In our opinion, proof of this alleged misrepresentation would not, of itself, establish that the incriminating statements were obtained by psychological coercion in the constitutional sense.

fectiveness of Pembrook's counsel in the state criminal proceedings. We do not, at this time, express or imply any view as to the merits of any of these contentions.

Appellee does not contend that Pembrook has failed to exhaust presently available state remedies, as required by 28 U.S.C. § 2254 (1964). See Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837. He argues, in effect, however, that Pembrook deliberately by-passed state remedies which were once available to him and that, for this reason alone, the district court properly denied his motion to proceed in forma pauperis.

In support of this contention, appellee asserts that Pembrook did not raise the coercion issue at his trial. Moreover, appellee states, Pembrook did not appeal his state conviction, even though he could have raised the coercion issue on appeal for the first time. In addition, appellee avers, Pembrook did not ask for leave to file a late notice of appeal, as provided under California procedure, nor did he ask for a hearing in the California Supreme Court.

In advancing this by-pass argument, appellee is invoking the rule, announced in Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, that a federal judge has a limited discretion to deny relief to an applicant who has deliberately by-passed orderly state court procedures and, in so doing, has forfeited his state court remedies. However, the district court in this case did not deny the motion to proceed in forma pauperis on this ground and so there has not been, as yet, any exercise of discretion in the matter by the district court.

Moreover, there is nothing in the record before us to indicate that Pembrook did not raise the coercion issue at trial and, even if he did not raise the issue at trial, what his reason was for not

doing so. There is also no reason indicated in the record why Pembrook did not take a state appeal from his conviction.[8] Since these factual questions cannot be resolved by reference to the record, as we were able to do in Kuhl v. United States, 9 Cir., 370 F.2d 20, the issue of deliberate by-passing can only be determined after " * * * the federal court has satisfied itself, by holding a hearing or by some other means of the facts bearing upon the applicant's default." Fay v. Noia, 372 U.S. 391, at 439, 83 S.Ct., at 849.

Therefore, in the absence of some explanation in the record as to these matters, the district court had no reason, nor have we, to hold that Pembrook deliberately by-passed state procedures. This by-pass question is a matter to be explored in appellee's return to the application and at a hearing on the application and return.

Reversed and remanded for further proceedings consistent with this opinion.

---

**8.** Pembrook alleged that he had filed applications for writs of habeas corpus in the Superior Court, County of Marin, California, and in the California Supreme Court. He also alleged that in those applications he raised all the grounds for relief which are presented in his district court application now before us, and that

the state court applications were denied "without comment." It is therefore not possible to determine on this record whether the state court applications were denied because the coercion point should have been raised at the trial or on appeal, or because the incriminating statements were not obtained by coercive means.