**Earl John WILSON, Appellant,**

v.

**Lawrence E. WILSON, Warden San Quentin State Prison, San Quentin, California, Appellee.**

**No. 20865.**

United States Court of Appeals
Ninth Circuit.

Feb. 8, 1967.

Earl John Wilson, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, Paul N. Halvonik, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, CECIL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Habeas Corpus. Wilson is in California state custody, having been convicted of burglary (two counts) and rape, on February 6, 1964. He did not appeal because, he says, he did not know of his right to appeal when sentenced. He has, however, sought habeas corpus in the state courts, on the grounds here asserted. They are:

"following the petitioner, arrest, he had requested to consult with attor-

ney; and had been denied to do so. The petitioner, then was forced by state police to make self-incrimination and confession during the accusatory stages of the secret interrogation.

During the petitioner, trial by jury in the Superior Court: Whereupon there was the introduction into his trial of illegally obtained evidence. i. e. The state police's testimony's as to the self-incrimination and confession made by the petitioner, in a involuntary admission."

Wilson sought leave to file and proceed in forma pauperis. Leave was denied, and it is from this denial that he appeals. The ground for denial was that the only issue raised was the Escobedo issue (Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977) and that Escobedo is not applicable under Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882.

Denial of leave to proceed in forma pauperis was error. Here, Wilson alleges that he was "forced" to incriminate himself, and that his confession was "involuntary." This can be said to be a conclusion, but it is certainly subject to amendment, and the contention is not foreclosed by Johnson v. State of New Jersey, supra. See Doran v. Wilson, 9 Cir., 1966, 369 F.2d 505; Sessions v. Wilson, 9 Cir., 1966, 372 F.2d 366, (No. 20,861, decided November 28, 1966). Under these circumstances, the proper procedure was to permit Wilson to proceed in forma pauperis, but to dismiss the application with leave to amend, pointing out the deficiency which requires amendment. The case is controlled by our decision in Pembrook v. Wilson, 9 Cir., 1966, 370 F.2d 37. See also McGarrity v. Wilson, 9 Cir., 1966, 368 F.2d 677.

The order is reversed and the matter is remanded for further proceedings.

CHAMBERS, Circuit Judge (concurring).

I concur in the majority opinion, holding that denial of leave to proceed in forma pauperis was error. Appellant alleges in his unartfully drawn documents that he was "forced" to make a confession and that his confession was "involuntary." While these statements are only conclusions, appellant should be given the chance to amend to state a good cause of action if he can do so. Pembrook v. Wilson, 9th Cir. 1966, 370 F.2d 37.

To state a good cause of action, however, appellant must state facts that, if true, would constitute coercion. Supreme Court decisions indicate that one test in determining whether a confession has been coerced is to ask if the accused's will was "overborne" at the time he confessed, Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948 (1954). As discussed in my dissent in Sessions v. Wilson, No. 20,861, 9th Cir. 1966, 372 F.2d 366, circumstances pointing to coercion include questioning a suspect while he is irrational, ill, injured or under the influence of drugs, as well as making threats of retribution against himself or his family or subjecting him to marathon periods of questioning. I disapprove of the trend I sense here and there to go beyond the Supreme Court and to equate coercion with unpleasantness. In cases where the rules set down in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were not anticipated and met, we are generally going to find that a suspect was questioned for some period of time. If we start saying that a couple of hours of questioning constitutes coercion, we not only go beyond the Supreme Court, but we in practical effect go far toward making those cases retroactive.