Earnest PETERSON, Appellant,

v.

Lawrence E. WILSON, Warden, San Quentin, California, Appellee.

No. 21193.

United States Court of Appeals Ninth Circuit.

Feb. 27, 1967.

Earnest Peterson, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, Joyce F. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before POPE, HAMLEY, and BROWNING, Circuit Judges.

PER CURIAM.

Peterson is serving a life sentence imposed by a state court following his plea of guilty to first degree murder. He appeals from the denial of his petition for habeas corpus, without the issuance of an order to show cause or a hearing.

We agree with the district court that appellant's reliance upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), is misplaced in the light of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). We also agree that Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965), precludes collateral attack on appellant's conviction on the ground that evidence was improperly procured.

We cannot agree, however, that it could be conclusively determined from the face of the petition that appellant was not entitled to relief on the grounds, also alleged, that he did not have effective assistance of counsel and that his guilty plea was involuntary. Thomaston v. Gladden, 326 F.2d 305, 307 (9th Cir. 1964).

The district court apparently dismissed the petition as to the latter claims because it considered the factual allegations in support of the claims to be insufficient. We think the problem presented by the appellant's detailed but inartfully drawn allegations would best be met by the issuance of an order to show cause.* A proper return by the state will contain "factual allegations of the kind which the show cause procedure was designed to elicit, responding directly to those of the petition." Gladden v. Gidley, 337 F.2d 575, 578 (9th Cir. 1964). Copies of relevant state court records will normally be attached to the return. In his traverse the petitioner "may, under oath, deny any of the facts set forth in the return or allege any other material facts." 28 U.S.C. § 2243 (1964). The record thus constituted will bring the factual issues, if any, into proper focus and provide a more satisfactory basis

---

\* If the petitioner's factual and legal theory of relief were clear but his allegations lack specificity, the proper initial procedure would be to direct the petitioner to amend. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Rivera v. United States, 318 F.2d 606, 608–609 (9th Cir. 1963). Cf. Wilson v. Wilson, 372 F.2d 211 (9th Cir. 1967); Pembrook v. Wilson, 370 F.2d 37, 39 n. 4 (9th Cir. 1966).

for determining whether an evidentiary hearing is required. Cf. Hobbs v. Pepersack, 301 F.2d 875, 880 (4th Cir. 1962), and cases there cited.

Reversed and remanded.

---

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.