Robert J. **JARVIS**, Appellant,

v.

Louis S. **NELSON**, Warden, Appellee.

No. 26440.

United States Court of Appeals,
Ninth Circuit.

April 8, 1971.

Chambers, Circuit Judge, concurred and filed opinion.

Robert J. Jarvis, in pro. per.

Gloria F. DeHart, John T. Murphy, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Jarvis appeals from an order dismissing his petition for a writ of habeas corpus in which he claimed that an illegally obtained confession was used against him in his state trial. The ground for the dismissal was that the petition did not state a claim for relief. The district court did not grant Jarvis leave to amend. The transcript of the state court proceeding in which the question of the legality of the confession was explored was not presented to the district court.

It may be that Jarvis' conclusory averments cannot be factually supported, but a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. (*See* Pembrook v. Wilson (9th Cir. 1966) 370 F.2d 37, 39 n. 4; Wilson v. Wilson (9th Cir. 1967) 372 F. 2d 211, 212.) The district court could not rely on the factual determinations of the state court rejecting Jarvis' claim because the transcript of the state trial was not before it. (Selz v. State of California (9th Cir. 1970) 423 F.2d 702; Piche v. Rhay (9th Cir. 1970) 422 F.2d 1309.)

The order is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

CHAMBERS, Circuit Judge (concurring):

I concur in the result. That is, I would give the petitioner an opportunity to amend his petition. A more detailed recitation of the claim might or might not show that there was a necessity to get the transcript of evidence over from the state court. Here the majority seems to say that the district court must send for the transcript.

We simply get ahead of ourselves here if we order more than leave to amend.