132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin WALKER, Petitioner-Appellant,
v.
Jim THOMAS, Respondent-Appellee,
Grant WOODS, Attorney General, of the State of Arizona,
Respondent-Appellee.
 No. 96-56165, 97-55032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the District of Arizona Robert C. Broomfield, District Judge, Presiding
 Before SKOPIL, D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Calvin Walker, an Arizona state prisoner convicted of selling narcotics, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review de novo a district court's decision to grant or deny a petition for habeas corpus. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995).
 
 
 4
 Walker makes two arguments on appeal. Walker first contends that the district court erred in. finding that he procedurally defaulted on his constitutional claims involving the right to self-representation and prosecutorial misconduct. We conclude that the district court's rejection of Walker's claims was not in error. The state appellate court found, and the record verifies, that although Walker made an unsuccessful pre-trial motion to remove counsel, Walker "waived his right to represent himself by not reasserting [the motion] and by acquiescing in new representation" after his original counsel was removed. The state appellate court also held that Walker's claim that the prosecutor improperly vouched for a witness during closing argument was waived by Walker's failure to object at trial.
 
 
 5
 It is a well-established principle of federalism that "when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." Engle v. Isaac, 456 U.S. 107, 129 (1981); see also Coleman v. Thompson, 501 U.S. 722, 729-30 (1990); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Walker has never shown either cause for his procedural default or prejudice resulting therefrom.
 
 
 6
 Walker maintains, however, that he should have either been granted leave to amend his habeas petition or been provided the opportunity to be heard on the question of cause and prejudice. Again, we conclude that the district court properly rejected Walkers claims. Although a pro se habeas petition must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and although "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted," Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971), the record supports the district court's decision because, as a matter of law, Walker could riot demonstrate cause that would excuse his procedural default. The factual bases for these claims are events at the trial that were known to him from the outset and the legal bases are well-established principles. Accordingly, the district court did not err in not holding an evidentiary hearing. See Campbell v. Blodgett, 997 F.2d 512, 524 (9th Cir.1993) (no evidentiary hearing necessary if petitioner cannot satisfy standard as a matter of law).
 
 
 7
 Walker's second argument is that the trial court abused its discretion in precluding Walker from reopening his case to testify a second time. We of course recognize that a defendant's right to testify is a constitutional right of fundamental dimension. Rock v. Arkansas, 483 U.S. 44, 51-513 (1987); United States v. Martinez, 883 F.2d 150, 756 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (9th Cir.1991). In this case, Walker took the stand and denied any involvement in the sale of narcotics on the dates charged. But after the defense had rested its case, and against his attorney's advice, Walker requested that the court reopen his case and allow him to present additional testimony. The court offered Walker the choice either. to follow his attorney's advice and withdraw the request or proceed without counsel. Because Walker ultimately maintained counsel and acted on his attorney's advice, his right to testify was not violated. See Martinez, 883 F.2d at 761. ("Fundamental unfairness would characterize a process that let defendants have one trial based on their lawyer's strategy and another based on their own."); see also United States v. Gallagher, 99 F.3d 329, 332 (9th Cir.1996), cert. denied, 117 S.Ct. 1274 (1997) (holding that trial court did not deprive defendant of his Sixth Amendment right to testify on his own behalf when it prevented him from continuing to testify after his counsel had finished questioning him and when no questions were pending).
 
 
 8
 For the foregoing reasons, we affirm the district court's decision to deny Walker's petition for habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3