**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESAUL CARDENAS,

              Petitioner - Appellant,

  v.

JACK PALMER, Warden; NEVADA
ATTORNEY GENERAL,

              Respondents - Appellees,

No. 08-15945

D.C. No. 3:04-CV-00720-PMP-
RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and GERTNER, District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Nevada prisoner Esaul Cardenas appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we vacate and remand.

This case has a complicated procedural history. In 2002, Cardenas pleaded guilty in Nevada to two counts of lewdness with a child under the age of fourteen. Cardenas filed several motions to withdraw his plea (both pro se and with the assistance of counsel), claiming that he was innocent of the charges and that his prior attorney misled him by telling him that he would receive probation. The trial court denied the motions and sentenced Cardenas to concurrent life sentences with the possibility of parole after ten years. The trial court appointed an attorney for the direct appeal. Acting pro se, Cardenas made efforts in the Nevada Supreme Court and the trial court, to represent himself on appeal or to gain new appellate counsel.[1] Eventually the Nevada Supreme Court indicated that Cardenas had direct appeal counsel of record, and counsel belatedly filed a five-page appellate brief.

While the direct appeal was pending, Cardenas filed a pro se petition for a writ of habeas corpus (state post-conviction relief) in the Nevada trial court, arguing among other things that his Sixth Amendment right to counsel was

---

[1] The trial court granted one such motion to proceed pro se, but apparently had no jurisdiction to do so because an appeal had been filed.

2

violated, asserting that the trial court did not appoint counsel for his appeal.[2] The Warden responded, arguing that Cardenas was proceeding pro se on appeal and could not complain about ineffective assistance of counsel. The state trial court denied the habeas petition on this ground premised on apparent factual error. The Nevada Supreme Court affirmed, but noted that, contrary to the Warden's response and the lower court's findings, Cardenas was appointed appellate counsel, and further that the habeas petition was denied without prejudice to the filing of another post-conviction habeas petition at the conclusion of the direct appeal.

Cardenas then filed a pro se petition for habeas corpus in federal district court on three grounds, the second of which stated the following:

> The petitioner is in state custody in violation of his 1, 5, 6, 8, 14th amended [sic] rights to the constitution and his plea is unknowing, unintelligent and involuntary when The state court failed to assign or provide counsel for his direct appeal thus he was denied his 6th amendment right to counsel.

After Cardenas filed his federal petition, the Nevada Supreme Court issued an opinion affirming his convictions on direct appeal, and "remittitur" issued on February 24, 2005.

---

[2] The record does not explain why Cardenas was asserting lack of counsel while appointed counsel was prosecuting an appeal on his behalf.

The Warden filed an answer to the petition in federal court, stating that the grounds raised in the petition were exhausted, but without merit. The Warden also incorrectly asserted that "it appears Cardenas did not file a direct appeal," though the Warden submitted as exhibits the opening appellate brief and the Nevada Supreme Court decision on direct appeal. Cardenas asked the district court to dismiss his petition without prejudice so that he could exhaust state court remedies. The district court construed the request as a motion for a stay and abeyance and denied the request because it had not found that any of his claims were unexhausted. Cardenas filed a "Traverse" explaining that he was "not asserting that he was not represented by counsel on direct appeal, but that counsel's unwillingness to perfect an appeal denied him his right to appeal and the effective assistance of counsel."

The district court denied the petition, stating that Cardenas did not file a direct appeal to the Nevada Supreme Court and could not complain about a lack of representation on appeal where he had elected to proceed pro se. This court issued a certificate of appealability on the sole issue of whether appellate counsel was ineffective. The briefs on appeal to us address the certified issue on the merits. On the eve of oral argument, the Warden filed an emergency motion under Ninth Circuit Rule 27-3 to vacate the certificate of appealability, urging that the

4

certificate of appealability was improvidently granted because it certified an issue that was not properly raised in Cardenas's § 2254 petition. After oral argument, we ordered supplemental briefing on whether Cardenas procedurally defaulted the certified claim, whether the Warden had waived the affirmative defense of procedural default, and whether we should raise procedural default sua sponte.

We conclude that important aspects of the foregoing procedural history and the district court record and decision frustrate meaningful appellate review of the certified issue. Cardenas, representing himself, inartfully pleaded his ineffective assistance of counsel claims, at first making it sound as if he didn't have appointed counsel, but in his "Traverse" challenging instead that counsel was unwilling to "perfect" an appeal. We don't know what Cardenas meant by this because his lawyer had made an appeal, though perhaps not on issues Cardenas favored. The Warden, apparently reading Cardenas's pro se petition narrowly, did not assert any procedural defenses in its answer. Perhaps in reliance on some mistaken assertions made in the Warden's pleadings, the district court overlooked that Cardenas's attorney on direct appeal had filed a direct appeal on Cardenas's behalf and that the Nevada Supreme Court issued a reasoned decision in the matter. Had it understood these facts, the district court may not have narrowly interpreted and then summarily rejected Cardenas's ineffective assistance of counsel claim.

5

Given the ambiguities in Cardenas's pro se pleadings, the misstatements in the Warden's filings, and the status of the record before it, we conclude that it would have been a more appropriate course for the district court to have granted Cardenas leave to amend and clarify his claims. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."). We vacate and remand with instructions to allow Cardenas to amend his petition.[3] *See Miranda v. Bennett*, 322 F.3d 171, 175 (2d Cir. 2003) (noting that appellate courts may remand to the district court for further proceedings when the record is insufficiently clear to permit a determination on the basis of the decision and cautioning against the adoption of a party's position or proffers in making findings of fact); *Fryer v. MacDougall*, 462 F.2d 1093, 1093 (5th Cir. 1972) (construing a pro se habeas petition liberally and remanding to the district court with instructions to allow leave to amend petition in the interests of justice).

---

[3] This will permit the Warden to file an amended responsive pleading, and the district court will then be in a position to examine, as it deems necessary, matters including: (1) the exhaustion of state remedies and whether any state remedies remain available, (2) procedural default, (3) the need for an evidentiary hearing or further development of the record, (4) the proper standard of review, and (5) the merits of Cardenas's claim. We would then be in a position to review any issues on appeal with the record thus clarified.

The Warden's motion to vacate the certificate of appealability is denied. Cardenas's motion for judicial notice of state trial court hearing transcripts is granted.  Fed. R. Evid. 201(b); s*ee Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (stating that this court may take judicial notice of relevant state court documents), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005) .

**VACATED and REMANDED.**