FILED

DEC 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER LYNN HENDERSON, | No. 11-55249 |
| Petitioner - Appellant, | |
| v. | D.C. No. 8:11-cv-00128-PSG-RZ |
| DEBORAH K. JOHNSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 8, 2012
Pasadena, California

Before: BRIGHT,[**] GRABER, and IKUTA, Circuit Judges.

Jennifer Lynn Henderson, who is currently serving two consecutive life

sentences without the possibility of parole, appeals from the district court's

summary dismissal of her habeas petition for failure to exhaust state remedies. We

conclude that the district court erred in dismissing Henderson's petition without

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Myron H. Bright, Senior Circuit Judge for the United
States Court of Appeals for the Eighth Circuit, sitting by designation.

offering her leave to amend. We reverse and remand for the consideration of all exhausted claims.

Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). However, we have explained that a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. *See, e.g.*, *Jefferson v. Budge*, 419 F.3d 1013, 1016–17 (9th Cir. 2005) (reversing and remanding the dismissal of a mixed habeas petition because the district court failed to offer the petitioner the opportunity to amend his petition to abandon the unexhausted claims); *Kelly v. Small,* 315 F.3d 1063, 1069–70 (9th Cir. 2003) (reversing the dismissal of a mixed petition and remanding "so that the district court can offer Petitioner the opportunity to dismiss [the unexhausted] claims and proceed to the merits of the others"), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007); *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims."); *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted."); *see also Rhines v. Weber*, 544 U.S. 269, 278 (2005) (concluding that even where a stay was inappropriate, at a minimum the district court should allow a petitioner to delete the unexhausted claims and proceed with the exhausted claims only).

*Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983), is distinguishable, and the district court erred as a matter of law by dismissing Henderson's petition. Although district courts cannot adjudicate mixed petitions, *Sherwood* does not undermine the substantial precedent requiring district courts first to grant leave to amend, and, if requested, to consider a petitioner's eligibility for a stay under *Rhines*, 544 U.S. at 275–77 (stay of entire petition) or under *Kelly*, 315 F.3d at 1070–71 (stay of exhausted claims only). The district court erred by failing to allow Henderson leave to amend her petition before dismissal, and by refusing to address Henderson's request for relief under *Rhines* or *Kelly*.

Moreover, because the California courts have now considered and rejected all of Henderson's habeas claims, her federal habeas petition contains only exhausted claims and should be allowed to proceed.

**REVERSED AND REMANDED.**