# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant/Cross-Respondent,
vs.
ESAUL CARDENAS,
Respondent/Cross-Appellant.

No. 67225

FILED

MAR 10 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal by the State from an order granting Esaul Cardenas's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

The State argues that the district court erred in granting the postconviction petition because the petition was untimely filed and Cardenas failed to demonstrate good cause to excuse the mandatory procedural time-bar. We agree.

Cardenas filed the instant petition on May 2, 2013, more than eight years after this court issued the remittitur from his direct appeal on February 22, 2005. *See Cardenas v. State*, Docket No. 41630 (Order of Affirmance, January 25, 2005). Thus, Cardenas's petition was untimely filed and procedurally barred absent a demonstration of good cause— cause for the delay and undue prejudice. *See* NRS 34.726(1). To demonstrate cause, Cardenas must show that "an impediment external to

the defense prevented him . . . from complying with the state procedural default rules." *Hathway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). "An impediment external to the defense may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials[ ] made compliance impracticable." *Id.* (internal quotation marks omitted). "We give deference to the district court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo." *State v. Huebler*, 128 Nev. 192, 197, 275 P.3d 91, 95 (2012).

The district court found that Cardenas had demonstrated cause for the delay in filing his postconviction petition because he had been diligently litigating a habeas petition in federal court. This determination is erroneous, as the pursuit of federal remedies does not constitute cause pursuant to *Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989), *abrogated by statute on other grounds as recognized by Huebler*, 128 Nev. at 197-98 n.2, 275 P.3d at 95 n.2.

Cardenas urges us to nevertheless affirm the district court order because he demonstrated that official interference made compliance with NRS 34.726(1) impractical. Even assuming that his allegations of misrepresentations by the State and the courts demonstrate official interference, the allegations fail to account for the entire period of delay. Specifically, any confusion resulting from misrepresentations was cleared up by the federal appellate court's order on July 12, 2011, yet Cardenas waited almost two years to file his postconviction petition in state court. *See Cardenas v. Palmer*, 442 Fed. Appx. 301 (9th Cir. 2011). Therefore, Cardenas failed to demonstrate cause for the entire delay in filing his

petition, and the petition should have been denied as procedurally barred. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Eighth Judicial District Court, Department 24
      Attorney General/Carson City
      Clark County District Attorney
      Federal Public Defender/Las Vegas
      Eighth District Court Clerk

_____

[1]Cardenas cross-appeals from the district court order denying his petition for genetic marker analysis pursuant to NRS 176.0918. The denial was premised on the grant of his postconviction petition, which would enable him to have his DNA tested in preparation for trial and thus render the petition for genetic marker analysis moot. In light of our conclusion that the postconviction petition is procedurally barred, the petition for genetic marker analysis is no longer moot and may be considered by the district court on remand.