**Henry E. PRATTI, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Misc. No. 2271.**

United States Court of Appeals
Ninth Circuit.

Aug. 5, 1965.

Henry E. Pratti, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Robt. J. Timlin, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

PER CURIAM:

The district court denied the motion of Henry E. Pratti to appeal in forma pauperis from a judgment of conviction and sentence for violation of federal narcotic laws. Pratti has renewed the motion in this court.

The motion to appeal in forma pauperis is granted.

The district court denied the motion of Pratti for bail pending appeal. Pratti has renewed the motion in this court.

On May 27, 1965, the district court denied the motion for bail on the ground that the district court had no jurisdiction since no appeal was then pending. This was a correct determination as of that time since the district court had previously denied Pratti's motion to proceed in forma pauperis and while Pratti had renewed that motion in this court, we had not yet acted upon it. This jurisdictional impediment has been removed today by entry of the order of this court granting the motion to appeal in forma pauperis.

The United States, however, opposes the motion for bail pending appeal on the ground that Pratti did not file a timely notice of appeal and, for that reason, has no appeal pending.

Examination of the district court file indicates that the judgment and sentence

were entered on January 7, 1965. Under Rule 37(a) (2), Federal Rules of Criminal Procedure, Pratti therefore had until Monday, January 18, 1965, within which to file a notice of appeal.

On January 14, 1965, Pratti mailed a notice of appeal to the trial judge, but without the required filing fee of five dollars. This notice of appeal was received in the office of the clerk of the appropriate district court on January 15, 1965, and was so marked. On January 18, 1965, the clerk of the district court wrote to Pratti advising him, in effect, that the notice could not be filed unless the five dollar fee were paid, or unless Pratti applied for and was granted leave to appeal in forma pauperis. On January 22, 1965, Pratti filed such an application and on the same day it was denied by the district court. Following denial of this application, and on the same day, the clerk of the district court marked the notice of appeal "Lodged."

For the purpose of determining the timeliness of an appeal, the date upon which it was received by the clerk of the district court governs, without regard to whether the notice was accompanied by a filing fee. See Halfen v. United States, 10 Cir., 324 F.2d 52, 54; United States v. Brilliant, 2 Cir., 274 F.2d 618, 619. Pratti's notice of appeal, received by the clerk of the district court on the eighth day after entry of the judgment and sentence was therefore timely. It follows that the ground on which the United States seeks denial of the motion for bail pending appeal is without merit.

A district court has jurisdiction to grant bail pending appeal. See Tyrrell v. United States, 9 Cir., 191 F.2d 154, Rules 38(c) and 46(a) (2), Federal Rules of Criminal Procedure. As indicated by Rule 38(c) and the Tyrrell case, such an application should first be made in the district court. Factual issues are usually involved in passing upon such a motion and such issues can best be initially determined in the district court. A measure of discretion is also involved, and in the first instance that discretion can best be exercised by the person most familiar with all of the circumstances of the case—the trial judge.

It is therefore ordered that Pratti's motion for bail pending appeal be transferred to the district court for determination on the merits, the jurisdictional impediment to district court consideration thereof having been removed.