Raymond John WAGNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20924.

United States Court of Appeals
Ninth Circuit.

Feb. 6, 1967.

Raymond John Wagner, in pro. per.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and PECKHAM, District Judge.

PER CURIAM:

This appeal is from the denial, without a hearing, of relief sought under 28 U.S.C. § 2255.

In a jury trial, appellant had been convicted of armed robbery of a postmaster. 18 U.S.C. § 2114. Sentenced to a twenty-five year term of confinement, he appealed the judgment of conviction. The judgment was affirmed by our court. Wagner v. United States, 264 F.2d 524 (9th Cir. 1959).

■ The application which is the subject of this review was filed on October 25, 1965. On November 2, 1965, the District Court entered an order denying relief. In making this order the District Court was clearly correct. As grounds for his motion, appellant alleged generally, (1) that evidence produced in his original trial was insufficient to identify him as a participant in the offense, (2) that there was error in the admission of certain evidence, and (3) that there was error in the court's failure to require production of certain evidence. These same contentions had been presented by appellant and rejected by our court on the direct appeal from the judgment of conviction. Wagner v. United States, supra.

Following the denial of the motion on November 2, 1965, appellant thereafter, on December 20, 1965, filed that which is denominated "Motion for Reconsideration of Order Dismissing Petition to Vacate Pursuant to Title 28, U.S.C., Section 2255." In this motion appellant alleged, for the first time, that in the course of the original proceedings there was "illegal suppression of evidence favorable to his defense by the government in violation of the Fifth Amendment to the Constitution of the United States." The District Court construed this allegation, contrary to appellant's present contention as to its intent, as a reassertion of the same allegation made in the original motion as to lack of evidence to establish identification. The Motion for Reconsideration was denied on December 20, 1965.

The appellee urges that appellant's Notice of Appeal was not filed until January 10, 1966, more than sixty days after the denial of the principal motion, and that, hence, we are without jurisdiction. Fed.R.Civ.P. 73(a). Appellant contends that his Notice of Appeal was mailed to the office of the Clerk of the District Court on December 27, 1965, and an affidavit of a prison official supports this representation. It is apparent that the Notice of Appeal, although received by the clerk within the prescribed sixty day period, was not accepted for filing until the filing fee of $5.00 was received by the clerk at a later date.

■■ It has previously been established that "for the purpose of determining the timeliness of an appeal, the date upon which it was received by the clerk of the district court governs, without regard to whether the notice was accompanied by a filing fee." Pratti v. United States, 350 F.2d 290, 291 (9th Cir. 1965). This notwithstanding, we are convinced that the appeal is not well taken. If, as the District Court construed its allegations, the Motion for Reconsideration included no grounds additional to those alleged in the original motion, the denial of the Motion for Reconsideration was proper for the same reason which required the denial of the principal motion. Since the appellant himself called the second motion a "Motion for Reconsideration * * *," the District Court's interpretation of its allegations is understandable. There cannot be "reconsideration" of an issue which has not previously been considered. If appellant, as he now contends that he intended to do, desired to make a contention not previously advanced, he should have done so by a separate motion and not by one which, by its definition, embraced contentions already advanced and correctly rejected.

We therefore treat the appeal, although timely, as being from the order of November 2, 1965, the order denying the only independent motion which was before the court and which, as we have explained, was, with respect to the allegations to which it was directed, entirely proper.

Affirmed.