**Francis Alfred KING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22220.**

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1968.

Francis Alfred King, in pro per.

Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, MERRILL, Circuit Judges, and PLUMMER,* District Judge.

POPE, Circuit Judge:

This is an appeal from an order of the court below denying the appellant's application for relief under Title 28 § 2255.

Appellant King had been indicted under nine counts charging bank robberies. After he had first pleaded not guilty as to each count of the indictment, he withdrew that plea as to Counts 4 and 6 of the indictment, and as to those counts, he pleaded guilty. At the time this guilty plea was accepted by the court, the court made inquiry of King personally asking him to respond with respect to the various items of inquiry listed in Rule 11 Rules of Criminal Procedure. Through these inquiries the court was satisfied that there was a factual basis for the plea and that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. There is no claim here that the court's inquiry did not satisfy the requirements of Rule 11. Following these guilty pleas the court sentenced King on Count 4 to imprisonment for a period of 20 years and on Count 6 for a period of ten years, the sentences to run consecutively. There was no appeal from the court's judgment imposing such sentence but thereafter the present proceeding was instituted under § 2255 of Title 28, attacking the sentence on the grounds hereafter referred to.

The basis for King's present motion or petition has to do with certain statements made or actions alleged to have been taken by District Judge Carr who had imposed the sentence. He alleges that these statements by Judge Carr were such as to make his plea of guilty involuntary or that they had the effect of coercing a plea of guilty. He specifies as improper conduct certain statements made by Judge Carr in proceedings involving other defendants. He refers to a statement made in his presence in open court when Judge Carr threatened to give two young men *"the whole ball of wax,* if they wasted the court's time in a not guilty plea and were found guilty." Also, in the presence of King, the court is alleged to have told a man charged with bank robbery, "When you go back to jail today, you tell any bank robber you know, that if he comes before me, he is going to get the maximum." He also asserts that "In another case of a 'bad check passer', he chastised the Prosecuting Attorney for wasting his time. He said, 'why don't you, and the FBI, go out and catch some of these bank robbers running around, they are the ones I want, stop wasting my time and the courts with cases like this.' "

It is also alleged, and the record shows, that following the imposition of sentence upon King and another, who was indicted with him, the court said: "Frankly

---

* Hon. Raymond E. Plummer, United States District Judge, Anchorage, Alaska, sitting by designation.

if they had gone to trial I would have given them 50 years without equivocation."

Appellant asserts: "All the proceedings were in an atmosphere of fear—fear of a man who is supposed to dispense justice. Therefore, upon advice—not to antagonize him—we acquiesced to his unequal power."

■ It is true that after King had decided to plead guilty his case was returned to Judge Carr as the arrangement among the Judges of the court at that time was that Judge Carr would handle cases in which pleas of guilty were entered. But King knew that if he did not plead guilty and chose to go to trial, Judge Carr would have nothing to do with his case. When King was first arraigned on March 8, 1965, he pleaded not guilty. This plea was entered before Judge Carr who had stated at the beginning of that day that "All criminal cases on the calendar today will be disposed of by either Judge Curtis or by me." Following King's "not guilty" plea, the court said: "This is set for March 29th at 9:30 before Judge Curtis." Consequently King knew, and his counsel knew, that if he went to trial it would be before Judge Curtis. What he may have heard Judge Carr state in dealing with other accused persons was therefore immaterial and that would not constitute any basis for his complaint that his plea was not voluntary. It is obvious that what King did was to choose not to go to trial before Judge Curtis but rather to plead guilty to certain counts of the indictment.

■ Relying on Halliday v. United States, 1st cir., 380 F.2d 270, 273, appellant also asserts that Judge Carr, who accepted his guilty plea, was disqualified from passing on appellant's § 2255 motion. Under the circumstances of this case, as we have discussed them, we cannot agree that Judge Carr was disqualified from passing on appellant's motion.

To the extent that Halliday would require otherwise, we must respectfully disagree. Title 28 § 2255 provides for the making of a motion under that section to the court which imposed the sentence. The section reads that "A prisoner in custody * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence."

A contention similar to that made by this appellant was made in the Court of Appeals for the Fourth Circuit in United States v. Smith, 337 F.2d 49, 51. In that case the court, noting that such a contention was contrary to the earlier decision of the same court in Carvell v. United States, 173 F.2d 348, went into the history of the enactment of § 2255, and noted that it was the intention of Congress to make it possible for the Judge who had imposed sentence to rule upon the § 2255 motion. Such had been the conclusion reached in Carvell v. United States, supra, a case in which Judge Parker had participated. Judge Parker had been active in the presentation to Congress of § 2255 legislation. In Battaglia v. United States, 9 cir., 390 F.2d 256, 259, this court, by way of dictum, approved the ruling in these Fourth Circuit cases saying: "It is true, of course, that a judge who conducts the trial of a criminal case and considers a presentence report in awarding punishment is not thereafter disqualified from conducting a hearing pursuant to a motion instituted under the provisions of 28 U.S.C. § 2255."

■ The appellant filed an affidavit of bias against Judge Carr pursuant to Title 28 § 144. Judge Carr was correct in ruling that the affidavit was legally insufficient to establish personal bias or prejudice. Berger v. United States, 255 U.S. 22, 36, 41 S.Ct. 230, 65 L.Ed. 481.

We hold that no sufficient showing was made here to warrant relief under Title 28 § 2255 and accordingly the judgment of the district court is affirmed.