**Bill Harvey DUKES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22229.

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1969.

Rehearing Denied April 9, 1969.

Bill Harvey Dukes, pro se.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Theodore E. Orliss, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and von der HEYDT,* District Judge.

CHAMBERS, Circuit Judge:

Dukes is serving a 25 year sentence for armed robbery of a national bank in Los Angeles. There seems to have been at least one shot fired into the bank's ceiling. Too late, he attempted an appeal. And, so he had none. Now he seeks under 28 U.S.C. § 2255 to review much of his trial. The district court ruled against him on this civil proceeding. Appeal is taken now, asserting errors in the original trial and in the § 2255 process. We affirm.

■ Appellant is greatly disturbed that a confederate received a six year sentence for his part and he, Dukes, received a 25 year sentence. The sentences were imposed by different judges of the same court. We simply are not permitted to correct disparity in sentences. See United States v. Baysden, 4 Cir., 326 F.2d 629. But we should not leave the impression that we imply the sentences considered together are unfair because they are different. There might be many reasons why the difference was justified. But it is simply not our business to review sentences.

■ Dukes contends he was denied due process because he was not permitted a direct appeal in forma pauperis. His effort came too late. See the denial of certiorari order recorded as Dukes v. United States, 386 U.S. 946, 87 S.Ct. 982, 17 L.Ed.2d 876.

■ In this § 2255 proceeding, Dukes sought to disqualify Judge Charles H. Carr, his original trial judge. Judge Carr held the contents of Dukes' affidavit for disqualification insufficient, not reaching the question of the truth of the allegations of bias and prejudice. If the allegations were sufficient on their face, another judge would be required to test their veracity. We agree that the affidavit of bias was insufficient. See Grimes v. United States, 9 Cir., 396 F.2d 331.

■ There is also a thrust to the contentions of Dukes that there is per se something wrong with the trial judge in a criminal case hearing a subsequent § 2255 proceeding. This is not the rule in the Ninth Circuit. King v. United States, 402 F.2d 58. A new judge is now always required in the First Circuit. Halliday v. United States, 380 F.2d 270. But that is done under the supervisory powers of the Court of Appeals of the First Circuit, not as a matter of original right. Thus, in our view there is no conflict between the circuits.

There is a lack of meshing of Dukes' points made in the district court and those here. Any points not here discussed we deem to be without any merit.

The order of the district court denying relief is affirmed.

* The Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.