**Richard L. LUCERO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 96–70.

United States Court of Appeals,
Tenth Circuit.

April 27, 1970.

Richard L. Lucero, pro se.

Before MURRAH, Chief Judge, and LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

In 1967 Lucero pleaded guilty to violation of 26 U.S.C. § 4704(a) and was sentenced to a five-year term of imprisonment. In his motion to vacate, 28 U.S.C. § 2255, he contended that his plea was involuntary, his right against self-incrimination was violated, and challenged the constitutionality of § 4704(a). In addition, he claims that the trial court erred in denying his motion to have the sentencing judge recuse himself from hearing the instant motion.

To begin with, the statute has been held constitutional and we agree. Good v. United States, 410 F.2d 1217 (5th Cir. 1969); Morgan v. United States, 391 F.2d 237 (9th Cir. 1968), cert. denied, 393 U.S. 853, 89 S.Ct. 91, 21 L.Ed.2d 122; Roy v. United States, 356 F.2d 785 (D.C.Cir.1965); Moore v. United States, 337 F.2d 350 (8th Cir. 1964), cert. denied, 379 U.S. 994, 85 S. Ct. 712, 13 L.Ed.2d 614. And a plea of guilty, if voluntary, constitutes a waiver of the privilege against self-incrimina-

 

tion. Eby v. United States, 415 F.2d 319 (10th Cir. 1969); Whaley v. United States, 394 F.2d 399 (10th Cir. 1968).

As to voluntariness, Lucero contends that he pleaded guilty to escape a more severe sentence, and that he was under the influence of drugs at the time he entered his plea. The trial court appointed an attorney to represent Lucero and an evidentiary hearing was held, directed to this issue. The finding of voluntariness made by the district court after an evidentiary hearing, like all findings of fact, will not be disturbed on appeal unless unsupported by evidence and clearly erroneous. Martinez v. United States, 423 F.2d 479 (10th Cir. 1970); Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470; Carpenter v. Crouse, 389 F.2d 53 (10th Cir. 1968), cert. denied, 390 U.S. 1046, 88 S.Ct. 1648, 20 L. Ed.2d 308. This finding is not clearly erroneous and is supported by the record.

Lucero also claims that he was suffering from a mental disease because of drug addiction. This was not presented to and ruled on by the district court and will not be entertained for the first time by this court.

Finally, it is claimed that the district court erred in denying a motion requesting that the sentencing judge recuse himself from hearing the § 2255 motion. This contention is supported by Halliday v. United States, 380 F.2d 270 (1st Cir. 1967). But the rule is otherwise in other circuits. See Dukes v. United States, 407 F.2d 863 (9th Cir. 1969); King v. United States, 402 F.2d 58 (9th Cir. 1968); Battaglia v. United States, 390 F.2d 256 (9th Cir. 1968); Briscoe v. United States, 129 U.S.App. D.C. 146, 391 F.2d 984 (1968); Mirra v. United States, 379 F.2d 782 (2d Cir. 1967), cert. denied, 389 U.S. 1022, 88 S. Ct. 593, 19 L.Ed. 667; United States v. Smith, 337 F.2d 49 (4th Cir. 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436; United States v. Hughes, 325 F.2d 789 (2d Cir. 1964), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178. We choose to follow the more abundant authority as reflected by Dukes v. United States, supra.

We informed Lucero of our intention to consider summary affirmance. He has opposed this disposition in a short memorandum addressing the merits of his contentions. A thorough review of the files and records in this cause convinces us that Lucero is not entitled to relief on these issues, and there is no need for further argument.

Affirmed.