**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wayman Otis WILKES, Defendant-
Appellant.**

**No. 26206.**

United States Court of Appeals,
Ninth Circuit.

Sept. 30, 1971.

Rehearing Denied Nov. 15, 1971.

Nick Shamiyeh, of Graves & Gifford, Oakland, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric Nobles, Chief, Crim. Div., David H. Fox, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Wilkes appeals from his conviction in the District Court on eight counts of violating 21 U.S.C. § 331(q) (2), (3), sale and possession for sale of depressant or stimulant drugs. His sole contention on appeal is that he was deprived of the effective assistance of counsel because of his trial counsel's incompetency.

Wilkes contends that his trial counsel might have presented the evidence differently and that he might have called other witnesses. This court has held that such hindsight speculation as to how a case might have been defended differently is not sufficient to show that trial counsel was incompetent. Borchert v. United States, 405 F.2d 735 (9th Cir. 1968), cert. den. 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969). We have examined the record and conclude that counsel was rendering reasonably effective assistance. Therefore, the conviction must be affirmed.