Richard E. WOODRING, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 73–1388.

United States District Court,
C. D. California.

July 2, 1973.

Richard E. Woodring, in pro. per.

## ORDER DENYING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

Petitioner, Richard Woodring, is a prisoner at the United States Penitentiary at McNeil Island following a conviction in 1969 for knowingly possessing counterfeit securities in violation of 18 U.S.C. § 472. On December 8, 1969, Petitioner was sentenced in this Court to a term of 6 years. His conviction was affirmed on appeal in a decision reported as United States v. Woodring, 444 F.2d 749 (9th Cir. 1971).

He seeks in this Motion to vacate the 1969 judgment of conviction pursuant to Section 2255 of Title 28, United States Code. He appears in propria persona.

Allowed to proceed in forma pauperis, Woodring makes the following contentions:

1. The indictment was amended by the Court and not resubmitted to a Grand Jury.

2. He was denied the right to counsel on appeal.

3. Trial counsel was ineffective and incompetent.

4. The Court was without jurisdiction because Petitioner had been acquitted on Count 1.

Additionally, he has presented a 32-page "Statement of Facts" and Points and Authorities, in which he lists 7 additional grounds:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to law.

3. The evidence was insufficient.

4. The United States District Court committed prejudicial error.

5. Petitioner's counsel was ineffective and inadequate.

6. Petitioner was victim of trickery and coercion at the time of trial by the Court, Prosecuting Attorney, and Defense Counsel.

7. Petitioner was not informed of his Fifth Amendment rights.

The Court has examined the files and records of the proceedings in 4842–Crim–AAH, including the Reporter's Transcript of the proceedings at trial on November 18, 1969. Although some of the "additional grounds" are repetitious, the Court will discuss and deal with each contention seriatim.

On November 18, 1969, the hearing began with a Motion to suppress. After hearing testimony of witnesses and considering the evidence, the Court denied the Motion to Suppress (R.T. 43). Thereafter, after extensive questioning of Woodring by the Court, the defendant [this Petitioner] waived jury trial and special findings of fact (R.T. 43–47). Pursuant to stipulation, the evidence and testimony on this Motion was received as to Count 1 of the Indictment only, and both sides rested (R.T. 63).

The Court, stating that there was no evidence of "making, forging and counterfeiting" suggested that the Assistant United States Attorney talk to his superiors, and called a recess. When Court resumed in the afternoon, the Government asked permission to reopen, and offered the previous evidence to be applied to Count Two of the Indictment. Counsel for Petitioner stipulated that this might be done (R.T. 67), and both sides rested. The Court then found Petitioner not guilty on Count One, guilty on Count Two. Count 3 was dismissed at the time of sentence.

■ There is absolutely nothing in the record to support Petitioner's first contention. The original indictment was in 3 counts, and no amendment was ever

made. The trial pursuant to the indictment met the test for validity in that it (1) charged all the essential elements of a criminal offense; (2) informed the defendant with sufficient clarity so that he was not misled in preparing his defense; and (3) protected him against another government prosecution for the same offense. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

■ Contrary to Petitioner's assertion, the record shows that he did have counsel on appeal, Lee A. Holley, Seattle, Washington. Petitioner explains that his counsel was not effective because he did not call to the attention of the Court of Appeals the "fact" that the Government was allowed to reopen the case after Petitioner had been acquitted on Count One of the indictment. As previously pointed out, the facts as shown by the transcript are that no verdict had been entered at the time the Government was permitted to reopen its case. Moreover Petitioner errs in his statement: appellate counsel argued that reopening the case constituted double jeopardy, and the Court of Appeals, having before it the entire record of proceedings in this Court, ruled to the contrary. United States v. Woodring, supra, 444 F.2d at 751.

The next major contention concerning effectiveness of trial counsel, is the same as Point 5 in his supplemental contentions. Although it is difficult to glean facts from the lengthy dissertation attached to this Petition, replete with legal citations and arguments on irrelevant matters such as estoppel, it appears that he complains because counsel did not object to reopening the case, but rather joined in the stipulation that all evidence previously presented might be applied to Count Two. (Pet. 3b)

■ This was obviously a matter of trial strategy. All evidence was received subject to a continuing objection based on the Motion to Suppress on the grounds that it was the product of an illegal search and seizure (R.T. 61). This is also borne out by the Motion to Appeal in Forma Pauperis, filed by trial counsel December 15, 1969, and the attached affidavit by Petitioner in which he states that he was told by counsel that the appeal would be based on the illegality of the search in that the officers did not have a search warrant in their possession, a novel point in law. Even if this were an error in evaluating trial strategy, it does not deprive Petitioner of a constitutional right. Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1962).

■ In support of this contention, Petitioner also says that counsel failed to inform him of possible defenses open to him, failed to produce the police and arrest reports and didn't advise the Court of Appeals of his acquittal on Count One. (Pet. 3w) The last allegation is false, as previously pointed out. The former claims are completely conclusory, and set forth no facts to indicate any defense which might have been available, or what Petitioner might have proved with the reports to which he refers. Even if it be assumed that the evidence might have been presented differently, his counsel was not thereby ineffective. United States v. Wilkes, 449 F.2d 163 (9th Cir. 1971).

■ Clearly, the record shows that counsel argued very forcefully on behalf of Mr. Woodring, and that he had carefully researched the points of law on which he relied. As required by Parker v. North Carolina, 397 U.S. 790, 797, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) counsel was well within the range of competence demanded of attorneys in criminal cases, and no hearing is required. Mackey v. Oberhauser, 437 F. 2d 120 (9th Cir. 1971). The representation cannot be said to have made the trial "a farce, or a mockery of justice." Leano v. United States, 457 F.2d 1208 (9th Cir. 1972); Vargas v. United States, 455 F.2d 501 (9th Cir. 1972).

■ The last major contention concerning jurisdiction of this Court appears to be similar to that present by

Point 4 of the Supplemental, relating to prejudicial error. The Petitioner consistently labors under the misapprehension that he had been acquitted of the indictment. The record shows very clearly that the evidence had been submitted originally only as to Count One, but the Prosecution stated that Counts 2 and 3 had not been dismissed (R.T. 65). It is true that the Court said it might give the Government a chance to reopen after recess, although the trial would have been finished if it had been a jury trial. There is an obvious difference between trial to the Court or to a jury in that the Court can disregard inadmissible testimony, and has greater discretion in the conduct of the trial, among other things, in matters which might be confusing and prejudicial in the minds of the jury.

■ In any event, this entire matter of reopening the case was brought up on appeal, and the action of the Court was affirmed, as previously stated. No "verdict" or judgment had been rendered until both sides rested and argued, and Petitioner advances no new facts or evidence which was not previously considered by the appellate court. He is not entitled to a second review of this same question in a 2255 proceeding, since it has been litigated on appeal. Vargas v. United States, supra. See Taylor v. United States, 462 F.2d 1348 (9th Cir. 1972); Evans v. Mitchell, 458 F.2d 993 (9th Cir. 1972).

■ The last remaining claims are listed in the "Statement of Facts" or supplemental as 1, 2, 3, 6 and 7. They are bald conclusions, completely unsupported by facts, and will not suffice in a 2255 proceeding. Meeks v. United States, 427 F.2d 881 (9th Cir. 1970); Wagner v. United States, 418 F.2d 618 (9th Cir. 1969).

The Petition, files and records conclusively show that Petitioner is entitled to no relief, and no hearing is necessary. 28 U.S.C. § 2255.