**Bill Harvey DUKES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73–2477.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1974.

Bruce Krell, San Francisco, Cal., for petitioner-appellant.

William D. Keller, U. S. Atty., Vincent M. Von Der Ahe, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

## OPINION

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Dukes was convicted in 1965 of armed bank robbery and sentenced to custody for 25 years. His untimely appeal was denied in November 1966, and certiorari was denied by the Supreme Court. Dukes v. United States, 386 U.S. 946, 87 S.Ct. 982, 17 L.Ed.2d 876 (1967). Later that year, appellant attacked his sentence under 28 U.S.C. § 2255. His motion was denied by the district judge who had sentenced him earlier, and we affirmed on appeal. Dukes v. United States, 407 F.2d 863 (9th Cir. 1969).

■ Another § 2255 motion, the subject of this appeal, was filed in 1973 alleging that the sentence was based at least in part on an alleged prior criminal record which was erroneously considered by the sentencing judge. This motion was denied by the district court without an evidentiary hearing. Denial of a § 2255 motion without an evidentiary hearing is proper only if the motion, files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

■ In his 1967 motion, Dukes argued that the erroneous criminal record was considered in determining his sentence. He did not press the point on appeal, and we did not consider it. Dukes v. United States, 407 F.2d 863 (9th Cir. 1969). However, in denying the motion, the district judge rejected the contention. After reviewing the facts of the bank robbery case, tried before him, the judge commented upon Dukes' demeanor in the courtroom and his attitude toward the offense and concluded:

> The sentence in this case of 25 years was imposed because the court considered this man a menace to society. Little thought was given to the FBI report because it was read to the court in such a way that it was, at least in part, unintelligible.

We cannot distinguish Dukes' contention from that made in United States v. Eidum, 474 F.2d 581 (9th Cir. 1973), where we said in affirming a denial of § 2255 relief:

> This court will not refute the judge's own estimation of the deleterious impact of the prior convictions on his determination of sentence. The record shows on its face that the judge did not consider those convictions in imposing sentence.

Similarly, the district court that sentenced Dukes disclaimed reliance on the prior criminal record. The record shows on its face that the petitioner was not entitled to relief, and an evidentiary hearing was not required.

The judgment of the district court is affirmed.