**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 23 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL JIMENEZ-RAMIREZ,

    Defendant - Appellant.

No. 97-8015
(D.C. No. 96-CV-42)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

    Manuel Jimenez-Ramirez ("Jimenez-Ramirez"), appearing pro se. Having been granted leave to proceed in forma pauperis, appeals from an order of the United States District Court for the District of Wyoming denying his motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (1994).

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On July 12, 1994, Jimenez-Ramirez pled guilty to Count Three of an indictment, which charged him with knowingly and intentionally using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Jimenez-Ramirez was sentenced to sixty months imprisonment. The district court ordered that the sixty-month sentence run consecutive to a ten month term of imprisonment that Jimenez-Ramirez received pursuant to his plea of guilty to Count One of the indictment. Jimenez-Ramirez did not file a direct appeal.

On February 20, 1996, Jimenez-Ramirez filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Jimenez-Martinez challenged his conviction and sentence under 18 U.S.C. § 924(c)(1). He argued that, in the light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995), his conviction should be overturned because he neither "used" nor "carried" a firearm in violation of § 924(c)(1).[1]

On January 31, 1997, the district court denied Jimenez-Ramirez's motion for relief under 28 U.S.C. § 2255. Relying on our decision in United States v.

---

[1] In Bailey, the Supreme Court held that the "use" prong of § 924(c)(1) "denotes active employment." Bailey, at 509. The Court gave examples of what would constitute "use," including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. The Court stated that "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." Id. It is clear from the record that Jimenez-Ramirez did not "use" a firearm within the meaning of § 924(c)(1) as Bailey defines that term.

Barnhardt, 93 F.3d 706 (10th Cir. 1996) and our "vehicular carrying" cases, see United States v. Miller, 84 F.3d 1244 (10th Cir. 1996), the district court held that there was sufficient evidence in the record to support a conviction under the "carry" prong of § 924(c)(1).

On appeal, Jimenez-Ramirez claims that the district court erred in denying his motion. In addition, Jimenez-Ramirez argues that his original plea of guilty should be set aside because it was not made knowingly and voluntarily. Specifically, Jimenez-Ramirez alleges that his counsel "coached" him on how to respond to the court's questioning at the guilty plea hearing and that the sentencing court failed to apprise him of the nature of the offense and the consequences of a guilty plea.

I

Although Jimenez-Ramirez pled guilty to using or carrying a firearm during and in relation to a drug trafficking offense, he may still challenge his conviction under 18 U.S.C. § 2255, in the light of the Supreme Court's decision in Bailey. See United States v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir. 1996) (holding that Bailey applies retroactively to cases on collateral review). Thus, the issue is whether Bailey mandates that we vacate, set aside, or correct appellant's sentence.

In United States v. Barnhardt, presented with facts nearly identical to those in the instant case, we held that when a defendant pleads guilty, "it is necessary

only that the court 'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.'" Id. at 709 (quoting Fed. R. Crim. P. 11(f)). Therefore, we held that the relevant inquiry was "whether there is an adequate factual basis for his guilty plea."

"The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." Id. at 710 (citations omitted). Thus, we must accept the district court's finding unless it is clearly erroneous. Id. A finding of fact is not clearly erroneous unless the record provides no factual support or, having considered the evidence in support of the district court's decision, "we are left with a definite and firm conviction that a mistake has been made." Id.

Jimenez-Ramirez claims that he was not "carrying" the firearm within the meaning of § 924(c)(1) because the gun was neither on his person nor immediately accessible to him. We disagree. The government is not required to prove that the firearm was in "effortless reach" in order to obtain a conviction under the "carry" prong of § 924(c)(1). United States v. Miller, 84 F.3d 1244, 1259 (10th Cir. 1996). In Miller, we held that the government may obtain a conviction under the "carry" prong of § 924(c)(1) if it proves that "the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so." Id. at 1259. During a consent search of Jimenez-Ramirez's van that resulted in the seizure of four pounds of marijuana

and seven grams of cocaine, a gun was found behind the cushion of the driver's seat.  In addition, Jimenez-Ramirez admitted at his plea hearing that he "carried" the gun for protection.  Thus, it was not clear error for the sentencing court to accept Jimenez-Ramirez's plea because there is an adequate factual basis in the record to support a plea of guilty under the "carry" prong of § 924(c)(1).

II

In this appeal, Jimenez-Ramirez asserts that undue influence was exerted by his trial counsel with respect to his guilty plea and that the sentencing court failed to ensure he understood the nature of the charges against him and the consequences of a guilty plea.  Because Jimenez-Ramirez failed to raise these grounds in his original § 2255 motion to the district court he has waived them. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993); Lucero v. United States, 425 F.2d 172, 173 (10th Cir. 1970).

Therefore, we hold that the district court did not err in upholding Jimenez-Ramirez's conviction for using or carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).

**AFFIRMED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge